UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 13-10147-MLW |
| | ) |
| SCOTT MORRILL, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                April 4, 2014

On August 6, 2013, defendant Scott Morrill pleaded guilty to one count of Distribution of Child Pornography, in violation of 18 U.S.C. §2252. A sentencing hearing was held on November 15, 2013. Among the materials submitted for the court's consideration in anticipation of the sentencing hearing were eight series of Victim Impact Letters (the "Letters"). The Letters were written by the victims depicted in pornographic images distributed by Morrill, and by family members of the victims. After being redacted to remove all identifying information, the Letters were provided to the court directly by Probation. They were not docketed for the public record.

The court ordered the parties to report their positions as to whether the Letters should be docketed and made public. See Nov. 15, 2013 Order ¶1. Morrill took no position on this issue. See Def.'s Mem. Regarding Victim Impact Letters. The government expressed the view that each series of Letters should be made

public only with the consent of the victim in question. It reported that the victims' consent had been obtained for the public docketing of four of the eight series of Letters, identified by the labels "CY," "KModeling," "MA," and "VY." See Gov't's Resp. to the Ct.'s Order; Gov't's Suppl. Resp.

The First Circuit has held that the public has a presumptive right of access to "judicial records," namely "those 'materials on which a court relies in determining the litigants' substantive rights.'" United States v. Kravetz, 706 F.3d 47, 54 (1st Cir. 2013) (quoting In re Providence Journal Co., Inc., 293 F.3d 1, 9-10 (1st Cir. 2002)). "Public access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'" F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987) (quoting In re Cont'l Illinois Sec. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984)). Nevertheless, the right of public access to judicial records is not absolute. "[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." Kravetz, 706 F.3d at 62 (quoting Standard Fin. Mgmt., 830 F.2d at 411).

Kravetz holds that "letters sent directly to the court by third parties are meant to affect the judge's sentencing determination and thus 'take on the trappings of a judicial document under the common law.'" 706 F.3d at 58 (quoting United States v. Gotti, 322 F. Supp. 2d 230, 249 (E.D.N.Y. 2004)). The Letters submitted in this case are, therefore, subject to the presumptive, rebuttable right of public access.

The privacy rights implicated by the Letters are limited in magnitude because the Letters have been redacted to remove all identifying information. Nevertheless, the subjective concerns of some of the victims that their privacy or other interests may be implicated by public docketing are worthy of consideration. See United States v. Madoff, 626 F. Supp. 2d 420, 426 (S.D.N.Y. 2009) (weighing "the sentiments expressed by the victims who oppose unsealing" against the presumption of public access to judicial documents). These concerns may be particularly acute to victims of child pornography offenses, whose physical and emotional well-being have been so badly violated. See Aylward v. Bamberg, 182 F.3d 921 (7th Cir. 1999) (unpublished table decision).

In the circumstances, the court is ordering that the series of Letters identified by the labels "CY," "KModeling," "MA," and "VY," whose authors have consented to public docketing, be made

3

part of the public record. These series of Letters form a representative sample of the collection of Letters as a whole. They will provide the public with a reliable understanding of the information on which the court relied in fashioning its sentence. See Kravetz, 706 F.3d at 54. These letters will, therefore, serve the purpose of "allow[ing] the citizenry to monitor the functioning of our courts." Standard Fin. Mgmt. Corp., 830 F.2d at 410.

The court is not now making public the remaining series of Letters. However, the instant decision will not preclude future requests that these series of Letters, too, be made available to the public.

Accordingly, it is hereby ORDERED that:

1. The series of Letters attached as Exhibit A, identified by the labels "CY," "KModeling," "MA," and "VY," shall be docketed for the public record.

2. The series of Letters attached as Exhibit B are hereby SEALED. Any request to unseal these series of Letters will be considered after the parties are given notice and an opportunity to be heard.

/s/ Charles P. Kelly
UNITED STATES DISTRICT JUDGE

4